

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
SUFFOLK REGIONAL OFFICE

December 9, 2022

Hon. Gary R. Brown
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

Re: **Giambalvo, et al. v. Suffolk County, et al.**
Docket No.: 2:22-cv-04778 (Brown, J.) (Tiscione, M.J.)

Dear Judge Brown:

This Office represents Steven Nigrelli, sued in his official capacity as Acting Superintendent of the N.Y. State Police (the "Superintendent"). We write in accordance with Your Honor's Individual Rules to request a pre-motion conference and outline the arguments that the Superintendent intends to raise in a motion to dismiss the First Amended Complaint ("AC").

Plaintiffs—four individuals who seek a concealed carry handgun license, one individual who seeks to amend his restricted handgun license, a firearms training company, and its president[1]—commenced the instant action against various Suffolk County officials under 42 U.S.C. § 1983 alleging violations of their First, Second, Fourth, and Fourteenth Amendment rights resulting from various County policies related to handgun licensing. Plaintiffs subsequently amended their complaint to add the Superintendent as a Defendant, seeking to enjoin him from: (1) publishing, implementing, and enforcing parts of the State's PPB-3 Pistol/Revolver Application form requiring applicants to list contact information for their spouse or domestic partner, the other adults residing in the applicants' home, and their social media accounts from the last three years; and (2) enforcing Penal Law § 400.00(15) against licensees who carry handguns outside of their license restriction. *See* AC ¶ 13. The AC, however, should be dismissed for the reasons set forth below.[2]

**Plaintiffs Fail to Allege an Injury-in-Fact.** Plaintiffs seek an injunction as to the PPB-3 form, but, except for McGregor, none has completed and submitted the PPB-3 to the County; and, according to the AC, none will do so for **years**. *See* AC ¶ 248 ("[N]o Plaintiff will be . . . provided with the [PPB-3] until some

---

[1] Plaintiff Melloni and his company only challenge Suffolk County policy regarding firearms training, and therefore, this letter will not discuss them.

[2] The AC also purports to seek a declaration, from unspecified Defendants, that various parts of the New York State Concealed Cary Improvement Act ("CCIA") are unconstitutional. *Id.* at ¶ 11. This Court, however, need not and should not address the merits of that request since there is no actual case or controversy against the Superintendent for the relief that is specifically sought against him, and because many of the same provisions of the CCIA as are being challenged herein are the subject of an appeal currently pending before the Second Circuit in *Antonyuk v. Hochul*, 2022 U.S. Dist. Lexis 201944 (N.D.N.Y. Nov. 7, 2022), appeal filed on November 9, 2022 in Docket No. 22-2908. Alternatively, if this Court views the AC as raising a challenge to the constitutionality of the CCIA as against the Superintendent, in the interests of judicial economy and efficiency, this Court should stay proceedings pending the Second Circuit's decision in *Antonyuk*. *See, e.g., Daij, Inc, v. Wesco Ins. Co.*, 2021 U.S. Dist. Lexis 174632, at *7 (E.D.N.Y. Sept. 13, 2021) (collecting cases).

Wednesday in 2024 at the earliest."). None of these Plaintiffs, therefore, has suffered the injury-in-fact needed for standing.[3] *U.S. v. Decastro*, 682 F.3d 160, 164 (2d Cir. 2012) (plaintiff who failed to apply for gun license lacked standing to challenge state's licensing laws). As to McGregor, he already submitted a PPB-3 to obtain his restricted license before the requirements of the CCIA went into effect, *see* AC ¶¶ 214, 229, and there are no allegations in the AC indicating that he must submit a new one, meaning that he also lacks an injury-in-fact to challenge the PPB-3.

Next, to the extent that Plaintiffs seek to enjoin § 400.00(15) against licensees who carry handguns outside of their restriction, *see* AC ¶ 13, McGregor is the only Plaintiff currently licensed to carry a handgun with a restriction, as the other Plaintiffs are not yet licensed at all. But, as to McGregor, to demonstrate standing for a pre-enforcement challenge to a statute, he must allege both a cognizable injury—i.e., a concrete intention to violate the law—and a credible threat of prosecution if he was to do so. *Adam v. Barr*, 792 F. App'x 20, 21-22 (2d Cir. 2019) (summary order). He alleges neither. Although McGregor states his general intention to "carry his registered handgun for self-protection outside of his sportsman restriction," AC ¶ 230, he does not describe any specific plans to do so. Such "'some day' intentions—without any description of concrete plans, or indeed even any specification *when* the some day will be—do not support a finding of the actual or imminent injury' that is required." *Frey v. Bruen*, 2022 U.S. Dist. Lexis 31053, *12-13 (S.D.N.Y. Feb. 22, 2022).

Nor has McGregor alleged a credible threat of prosecution by the State Police in particular. *See* AC ¶ 231. The AC sets forth no allegations that the challenged statute has ever been enforced against McGregor in the past, or that he has ever been threatened with prosecution. And it is unlikely that it would be enforced against him given that a violation of a license restriction does not violate criminal law. *See People v. Thompson,* 92 N.Y.2d 957, 959 (1998). McGregor is essentially asking the Court to issue an advisory opinion on a constitutionally unripe dispute. *See Does v. Suffolk Cnty.*, 2022 U.S. App. Lexis 19094, at *6 (2d Cir. July 12, 2022) (affirming this Court's finding of no standing even where plaintiffs had received letters from police ordering surrender of their firearms, and did not do so); *Frey*, 2022 U.S. Dist. Lexis 31053, at *13.

**Any Alleged Injury is Not Fairly Traceable to the Superintendent**. Even if Plaintiffs suffered an injury-in-fact related to the PPB-3, they still lack standing to sue the Superintendent. McLaughlin does not even complain about having to make the disclosures sought in the PPB-3. *See* AC ¶¶ 208-11. Giambalvo, Mougios, and Mashkow do complain about such disclosures, *see* AC ¶¶ 163, 184, 196, but, by statute, this information must be disclosed to defined *licensing officers*—which is **not** Nigrelli—and therefore, it "renders it useless" to enjoin Nigrelli from including the information in the PPB-3. *Antonyuk v. Bruen*, 2022 U.S. Dist. 157874, at *34-35 (N.D.N.Y. Aug. 31, 2022).

**The Eleventh Amendment Bars These Claims**. Eleventh Amendment immunity precludes Plaintiffs' claim against the Superintendent, and *Ex Parte Young* is inapplicable because Plaintiffs have not alleged that the Superintendent has "both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *See Kelly v. N.Y. State Civil Service Com'n*, 2015 U.S. Dist. Lexis 27443, at *8 (S.D.N.Y. Jan. 26, 2015). A general ability or obligation to enforce state laws is not sufficient to pierce Eleventh Amendment immunity, *see Citizens Union of the City of N.Y. v. Attorney General of N.Y.*, 2017 U.S. Dist. Lexis 97514, at *9 (S.D.N.Y. June 23, 2017), and that is all that is alleged. *See* AC ¶ 90.

Respectfully,

Patricia Hingerton & Robert E. Morelli

cc: Counsel for all Parties via ECF          Assistant Attorneys General

---

[3] Plaintiffs' suit is not constitutionally ripe for the same reasons, which also requires dismissal. *See, e.g.*, *Young Advocs. for Fair Educ. v. Cuomo*, 359 F. Supp. 3d 215, 238 (E.D.N.Y. 2019).