UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

                              Plaintiffs,                       22 Civ. 04778 (GRB)(ST)

   -against-

                                                             **DECLARATION OF**
SUFFOLK COUNTY, New York,                      **AMY L. BELLANTONI TO**
Police Commissioner RODNEY HARRISON,       **ORDER TO SHOW CAUSE**
in his Official Capacity, MICHAEL                      **PURSUANT TO LOCAL**
KOMOROWSKI, Individually, ERIC BOWEN,       **RULE 6.1(d)**
Individually, WILLIAM SCRIMA, Individually,
WILLIAM WALSH, Individually, THOMAS
CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually, Acting Superintendent of the
New York State Police STEVEN NIGRELLI,
in his official capacity,
                                    Defendants.
-------------------------------------------------------------------x

       AMY L. BELLANTONI, an attorney duly admitted to practice law, declares pursuant to 28 U.S.C. § 1746:

       1.       I am the Principal of The Bellantoni Law Firm, PLLC attorneys for the plaintiffs in the above-captioned matter. I am admitted to practice law before the United States District Court for the Eastern District of New York, as well as the Southern and Northern Districts of New York, and the District of Columbia, the Second Circuit Court of Appeals, and the United States Supreme Court.

       2.       I have personal knowledge of the facts set forth herein based upon a review of the file maintained by my office in this matter, research, and discussions with my clients and others having personal knowledge of the facts giving rise to this litigation and the instant application. If

1

called as a witness, I could and would testify competently to the truth of the matters set forth herein.

3. I submit this Declaration as required by SDNY Local Rule 6.1(d), which requires a clear and specific showing of good and sufficient reasons why proceeding by order to show cause on the accompanying motion for a preliminary and permanent injunction is necessary, rather than by Notice of Motion.

4. The following reasons establish good and sufficient reasons to proceed by Order to Show Cause on Plaintiffs' motion for a preliminary and permanent injunction in this matter.

5. Plaintiffs are suffering ongoing and irreparable harm caused by the Suffolk County Police Department's enforcement of policies and procedures of their Licensing Bureau that impose a ***2-3 year delay*** on Plaintiffs' ability to exercise of their Second Amendment rights to purchase, possess, and carry handguns for self-defense.

6. Dr. Michael McGregor, who was issued a concealed carry license limited to 'sportsman carry' - after waiting for over ***16 months*** – faces arrest and criminal penalties should be carry outside of his restriction for general self-defense under Penal Law § 400.00(15) – a Class A Misdemeanor. Dr. McGregor has announced his intention to carry his firearm for self-defense outside of his license restrictions, as the restriction was only put in place by the Licensing Bureau under New York State's "proper cause" requirement, which was declared by the Supreme Court to violate the Second and Fourteenth Amendments. See, *New York State Rifle & Pistol Assoc. v. Bruen*, 142 S. Ct. 2111 (2022).

7. As set forth in the accompanying Memorandum of Law and in Plaintiffs' First Amended Complaint, Plaintiffs cannot engage in the 18-hour training curriculum required by the Concealed Carry Improvement Act (CCIA), Penal Law 400.00(1)(o) and (19) because, as

2

unlicensed individuals, they are subject to arrest by the Suffolk County Police Department (SCPD). Under SCPD policies and procedures, unlicensed individuals who engage in live fire training will be arrested, and their instructors (like Plaintiff Frank Melloni) are also subject to arrest as a facilitator and/or aider/abettor because SCPD is "not honoring" the Penal Law exemption that allows unlicensed individuals to engage in live fire training. Plaintiff Giambalvo has definite plans to engage in live fire training from duly authorized instructor Plaintiff Melloni and faces imminent risk of enforcement, arrest and incarceration by SCPD.

8. Proceeding by Order to Show Cause will place the matter before the Court significantly more expeditiously than by proceeding by Notice of Motion, which under the Court's Individual Rules of Practice ("Individual Rules") in Civil Cases, requires non-dispositive motions to be made by "letter motion", which would further extend the time for adjudicating Plaintiffs' application.

9. Good and sufficient reason having been shown, Plaintiffs request that their motion for a preliminary and permanent injunction proceed by Order to Show Cause rather than Notice of Motion.

Dated: Scarsdale, New York
       December 11, 2022

                                  THE BELLANTONI LAW FIRM, PLLC
                                  *Attorneys for Plaintiff*

                                  *Amy L. Bellantoni*
                                  Amy L. Bellantoni (AB3061)
                                  2 Overhill Road, Suite 400
                                  Scarsdale, New York 10583
                                  abell@bellantoni-law.com