

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
SUFFOLK REGIONAL OFFICE

December 13, 2022

Hon. Gary R. Brown
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

    Re:    **Giambalvo, et al. v. Suffolk County, et al.**
              Docket No.: 2:22-cv-04778 (Brown, J.) (Tiscione, M.J.)

Dear Judge Brown:

        This Office represents Steven Nigrelli, sued in his official capacity as Acting Superintendent of the N.Y. State Police (the "Superintendent"). I write in connection with this Court's December 12, 2022 Order directing defendants to respond to Plaintiffs' motion for a preliminary injunction by December 19, 2022. By this letter, the Superintendent seeks: (a) a stay of this Court's consideration of the constitutional claims raised in this case, or alternatively, that the deadline to respond to the motion for a preliminary injunction be extended until January 6, 2023, and (b) a 10-page extension of the Court's 20-page limit for memoranda of law. Plaintiffs' counsel was contacted to obtain consent, but the undersigned has not heard back from her. The Suffolk County attorney's office consents on behalf of the remaining defendants.

        This action was commenced on August 15, 2022, but it was not until December 12, 2022 that Plaintiffs filed their application seeking emergency relief. The proposed Order to Show Cause seeks an injunction as to Suffolk County and its officials, which includes, among other things, a request to enjoin implementation and enforcement of various provisions of the Concealed Carry Improvement Act ("CCIA"). Although Plaintiffs have not sought relief in the Order to Show Cause directly against the Superintendent, they not only seek to enjoin enforcement of the CCIA, but they also raise constitutional challenges to numerous provisions of the CCIA in their supporting papers. *See, e.g.*, Memorandum of Law in Support of Plaintiffs' Application for a Preliminary Injunction, pp.14-16. The Superintendent, therefore, intends to submit opposition to those constitutional challenges if a stay is not granted.

        The Superintendent has made similar stay requests in other cases, and these have been granted. *See Sibley v. Watches*, No. 6:19-cv-06517 (W.D.N.Y. Dec. 13, 2022) (ECF No. 121); *New York State Rifle & Pistol Association, Inc. v. Nigrelli*, No. 1:22-cv-00907 (N.D.N.Y. Dec. 1, 2022) (ECF Nos. 32-33); *Bleuer v. Nigrelli*, No. 3:22-cv-01037 (N.D.N.Y. Dec. 2, 2022) (ECF No. 100). It is submitted that this Court should do likewise for the reasons discussed herein.

        A stay of that portion of the preliminary injunction motion which raises a constitutional challenge to the CCIA is warranted because many of provisions that Plaintiffs challenge in this case are currently before the Second Circuit, on an expedited calendar, in *Antonyuk v. Hochul*, 2022 U.S. Dist. Lexis 201944 (N.D.N.Y. Nov. 7, 2022), appeal filed

on November 9. 2022 in Docket No. 22-2908. For example, the Plaintiffs in both this case and in *Antonyuk* challenge: the "good moral character "provision of the law allowing the denial of licenses for someone who does not "have the essential character, temperament and judgement necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or others," N.Y. Penal Law §400(1)(b); the requirement to provide four character references, *id.* at §400.00(1)(o)(ii); the requirement to list spouses, children and/or co-habitants, *id.* at §400.00(1)(o)(ii); the requirement to complete a training course, *id.* at §400.00(1)(o)(iii), §400.00(19); the requirement to disclose a list of social media accounts, *id.* at §400.00(1)(o)(iv); the requirement to disclose other information requested by the licensing officer, *id.* at §400.00(1)(o)(v); and the requirement for an in-person interview, *id.* at §400.00(1)(o). Moreover, the plaintiffs in the *Antonyuk* case have similar standing deficiencies to those that the Plaintiffs in this case have, as outlined in the Superintendent's pre-motion to dismiss letter. *See* ECF No. 25. There is little purpose to briefing these issues when the Second Circuit may rule in the near future on these very same issues and give guidance on how they should be resolved.

It is appropriate to "'to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law).'" *Nuccio v. Duve*, No. 13-CV-1556, 2015 WL 1189617, at *5 (N.D.N.Y. Mar. 16, 2015) (quoting *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)). In determining whether to grant a stay, courts look to five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* (quoting *Finn v. Barney*, No. 08-CV-2975, 2008 WL 5215699, at *2 (S.D.N.Y. Dec. 8, 2008)).

Here, all five factors weigh strongly in favor of a stay. If the case goes forward, the Superintendent will likely expend resources and effort drafting a comprehensive opposition to the motion for preliminary injunction, and Plaintiffs will then needlessly expend their resources and efforts responding to the opposition. *See Nuccio*, 2015 WL 1189617 at *5 ("the second factor – the private interests of and burden on Defendant – weighs in favor of granting a stay, as the denial of a stay would force Defendant to expend resources on litigating issues that a final resolution of the [other] [a]ction will necessarily resolve."). "Permitting this action to proceed while judicial resources elsewhere are already devoted to determining the exact legal questions at issue here would be an inefficient use of judicial time and resources." *Id.* Moreover, "[s]taying this action will serve the interest of the courts, non-parties, and the public by promoting the efficient use of judicial resources and minimizing the possibility of conflicts between different courts." *Nuccio*, 2015 WL 1189617 at *5 (citation, punctuation, and brackets omitted).

Alternatively, if the Court determines that a stay is not appropriate, the Superintendent requests an extension of time to respond to the preliminary injunction motion until after the holidays, i.e., by January 6, 2023. Given that Plaintiffs allowed this case to languish for almost four months before bringing this so-called emergency application, a short extension of time to allow for a more comprehensive opposition is reasonable.

Finally, the Superintendent seeks a 10-page extension of Your Honor's 20-page limit to opposition memoranda. Plaintiffs raise significant constitutional challenges to CCIA and seek to enjoin enforcement thereof, and the Superintendent requests the opportunity to brief the issues for the Court so that a decision can be rendered on a more fulsome record.

Thank you for your consideration of this application.

Respectfully,
*Patricia M. Hingerton*
Assistant Attorney General

cc:     Counsel for all Parties via ECF