UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ZACHARY GIAMBALVO, JOHN MOUGIOS, SHANE
MASHKOW, KEVIN MCLOUGHLIN, MICHAEL
MCGREGOR, FRANK MELLONI, and
RENAISSANCE FIREARMS INSTRUCTION, INC
and all similarly situated individuals,

          Plaintiffs,
   -against-

SUFFOLK COUNTY, New York, Police Commissioner
RODNEY HARRISON, in his Official Capacity,
MICHAEL KOMOROWSKI, Individually, ERIC
BOWEN, Individually, WILLIAM SCRIMA,
Individually, WILLIAM WALSH, Individually,
THOMAS CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually, Acting Superintendent of the New York
State Police STEVEN NIGRELLI, in his Official
Capacity,
          Defendants.

**COUNTY DEFENDANTS' ANSWER**

22-cv-04778(GRB) (ST)

**JURY TRIAL DEMANDED**

---

Defendants, County of Suffolk (sued as "Suffolk County, New York"), Rodney Harrison in his official capacity, Michael Komorowski, Eric Bowen, William Scrima, William Walsh and Thomas Carpenter ("County defendants"), by their attorney, Dennis M. Cohen, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's First Amended Complaint ("the complaint") respectfully:

1. Aver that the allegations contained in the paragraphs numbered 1, 11 and 15 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer

1

save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2. Deny, upon information and belief, the allegations contained in the paragraphs numbered 2, 3, 4, 5, 6, 7, 8, 9, 27, 35, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 64, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 246, 247, 248, 249, 250 and 251 of the complaint.

3. Deny, upon information and belief, the allegations contained in paragraphs of the complaint numbered 10, 12, 13, 14, 26, 46, 47, 48, 49, 50, 52, 58, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124 and 125 of the complaint and refer all questions of law to the Court.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 16, 17, 18, 19, 20, 21, 22, 28, 29, 30, 31, 32, 33, 34, 35, 37, 39, 40, 41, 42, 43, 44, 45, 46, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244 and 245 of the complaint.

## AS TO COUNT I

5. Answering the paragraph numbered 251 of the complaint repeat, reiterate and reallege each and every response to the recited paragraph, with the same force and effect as if the same were set forth at length herein.

6. Deny, upon information and belief, the allegations contained in the paragraph numbered 252 of the complaint.

## AS TO COUNT II

7. Answering the paragraph numbered 253 of the complaint repeat, reiterate and reallege each and every response to the recited paragraph, with the same force and effect as if the same were set forth at length herein.

8. Deny, upon information and belief, the allegations contained in the paragraph numbered 254 of the complaint.

## AS TO COUNT III

9. Answering the paragraph numbered 255 of the complaint repeat, reiterate and reallege each and every response to the recited paragraph, with the same force and effect as if the same were set forth at length herein.

10. Deny, upon information and belief, the allegations contained in the paragraph numbered 256 of the complaint.

## AS TO COUNT IV

11. Answering the paragraph numbered 257 of the complaint repeat, reiterate and reallege each and every response to the recited paragraph, with the same force and effect as if the same were set forth at length herein.

12. Deny, upon information and belief, the allegations contained in the paragraph numbered 258 of the complaint

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

13. That the complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

14. That the damages sustained by plaintiffs, if any, were caused by plaintiffs' own culpable and/or negligent conduct.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

15. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

16. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

17. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

18. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19. That plaintiffs are guilty of laches and are therefore barred from maintaining this action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

20. That defendants' actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

21. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

22. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

23. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

24. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

25. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

26. That plaintiffs have an adequate remedy at a law.

WHEREFORE, defendants demand judgment against the plaintiffs dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
        December 13, 2022

Yours etc.,

Dennis M. Cohen
Suffolk County Attorney
Attorney for County defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788

By:   /s/ Arlene S. Zwilling
      Arlene S. Zwilling
      Assistant County Attorney

TO:   The Bellantoni Law Firm, PLLC
      2 Overhill Road, Suite 400
      Scarsdale, New York 10583