Case 2:22-cv-04778-GRB-ST   Document 31   Filed 12/14/22   Page 1 of 2 PageID #: 300



December 14, 2022

**VIA ECF**

Hon. Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    Giambalvo v Suffolk County, et al.
              22 Civ. 04778 (GRB) (TS)

Dear Judge Brown,

    I am counsel to Plaintiffs in the above-referenced matter. I write to oppose the request of New York State for a stay of this Court's Order directing Defendants to respond to Plaintiffs' application for a preliminary injunction ("PI Application") by December 19, 2022.[1]

    To the extent that Penal Law sections 400.00(1)(b), 400.00(1)(o)(i), 400.00(1)(o)(iv), and 400.00(1)(o)(v) are before the Second Circuit appeal in *Antonyuk*, none of the plaintiffs in *Antonyuk* are plaintiffs here, nor are Plaintiffs represented by the same counsel. The Second Circuit decision may very well be based on factors specific to the plaintiffs in *Antonyuk* and have no effect on Plaintiffs and/or a resolution may be accomplished by summary order, which would also have no precedential effect on this Court. The expedited calendar is a scheduling docket; a decision is not guaranteed to also be expedited. Requiring Plaintiffs to wait for *Antonyuk* to be decided will cause them undue prejudice and harm by further delaying their right to engage in protected conduct. The State's request for a stay pending an outcome in *Antonyuk* should be denied.

    If the Court decides to delay the State's response until January 6, 2023, the State should, nevertheless, be required to respond to Plaintiffs' challenges to section 400.00(1)(o)(ii) (not enjoined by *Antonyuk*) and 400.00(15). The State fully briefed their position on the constitutionality of section 400.00(1)(o)(ii) in the *Antonyuk* case, and of section 400.00(15) was fully briefed in *Frey v. Nigrelli*, 7:21-cv-05334-NSR (SDNY) [see, ECF No. 63-65]. Thus, no extra State resources will be expended.

---

[1] As acknowledged by the State, the PI Application does not seek enforcement of an injunction against Superintendent Nigrelli, and Plaintiffs acknowledge that the Attorney General may intervene in a lawsuit challenging the constitutionality of a state statute.

2 Overhill Road, Suite 400        *info@bellantoni-law.com*        (914) 367-0090 (t)
Scarsdale, New York 10583        www.bellantoni-law.com        (888) 763-9761 (f)

Plaintiffs have no objection to an enlargement of the State's brief, provided that Plaintiffs are allowed 5 additional pages to respond to the State's arguments in their Reply brief.

Suffolk County Has Not Requested a Stay of the December 19, 2022 Response Deadline

As the Court is aware, Plaintiffs' application seeks an injunction of not only state statutes but also the policies and procedures of the Suffolk County Police Commissioner as statutory handgun licensing officer (implemented by the police department's Licensing Bureau) which are causing a 2-3 year delay in issuing a handgun license to individuals, like Plaintiffs, who have no prohibitors under state or federal law to the possession, carrying, purchase, and transfer of firearms. Suffolk County ("SCPD") (i) does not publish the statutorily required New York State Pistol/Revolver PPB-3 ("PPB-3") application, (ii) will not accept the PPB-3 application upon presentment, (iii) delays fingerprinting, photographing, interview, and commencing an investigation for 2-3 years after an applicant has paid the filing fee, but (iv) does not publish the SCPD ORI number, which would allow applicants to obtain their own fingerprint-based criminal history report directly from the NYS Division of Criminal Justice Services (DCJS) and submit the DCJS report and required photographs to SCPD, as other counties do – which would save a substantial amount of time.

SCPD also has a policy under which duly authorized instructors, like Frank Melloni, and unlicensed individuals, like Zachary Giambalvo, who engage in live-fire training will be arrested by SCPD, in deliberate disregard of Penal Law § 265.20[2] specifically exempting such conduct. Lt. Komorowski personally told Mr. Melloni that any unlicensed student engaging in the State's required live fire training will be arrested. [see, Dec. of Frank Melloni at ECF No. 27].

Suffolk County has not requested a stay of the Court's order to respond to Plaintiffs' application, has been on notice of Plaintiffs' intention to seek a preliminary injunction, and the reasons thereunder, by way of a letter emailed to counsel Arlene Zwilling, Esq. on December 7, 2022. (see attached Ex. 1).

Irrespective of the Court's decision on the State's request, we respectfully request that the portion of Plaintiffs' application pertaining to Suffolk County's policies proceed on December 19, 2022.

Very truly yours,

*Amy L. Bellantoni*

Amy L. Bellantoni
Encl.

---

[2] "Possession of a pistol or revolver by a person undergoing live-fire range training pursuant to section 400.00 of this chapter while such person is undergoing such training and is supervised by a duly authorized instructor." § 265.20(3-a).