# EXHIBIT   1

| | |
|---|---|
| **From:** | Amy L. Bellantoni |
| **To:** | Zwilling, Arlene |
| **Subject:** | Giambalvo v Suffolk County 22 Civ. 04778 (GRB)(ST) |
| **Date:** | Wednesday, December 7, 2022 2:14:00 PM |
| **Attachments:** | image001.png |
| | Law Department Letter re PI 12 7 2022.pdf |
| | AA FAC Corrected Caption FILED.pdf |

Dear Arlene,

I understand that you are assigned the Giambalvo case above. Consistent with Magistrate Tiscione's Rules, I am reaching out to see what portion, if any, of Plaintiffs' intended injunction application can be resolved without motion practice, as outlined in the attached letter. A copy of the First Amended Complaint is attached for your reference.

Amy



**Amy L. Bellantoni**

**Phone:** 914.367.0090
**Fax:** 888.763.9761
www.bellantoni-law.com

2 Overhill Road, Suite 400
Scarsdale, NY 10583

*Need to chat?*
Calendly.com/bellantoni-law

*Si vis pacem para bellum*

This Electronic Mail transmission and any attachments contain information belonging to the sender and such transmission is confidential and legally privileged.  This information is intended only for the intended recipient of this transmission.  If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please reply to the sender at the telephone number above or return e-mail and delete this message and all attachments from your electronic storage files.
========================================================================



December 7, 2022

Arlene Zwilling
Suffolk County Law Department
H. Lee Dennison Bldg.
Hauppauge, New York 11788

      Re:    Giambalvo v Suffolk County, et al.
             22 Civ. 04778

Dear Arlene,

      I am counsel to the plaintiffs in the above-referenced matter.

      Consistent with the Individual Rules of Magistrate Steven L. Tiscione, I am reaching out to see what, if any, portion of Plaintiffs' impending application for a preliminary injunction can be resolved.

      A copy of the First Amended Complaint (corrected caption) is being provided simultaneously with this letter. Plaintiffs will be seeking the following relief:

      Pursuant to Fed. R. Civ. P. 65, Plaintiffs seek an Order preliminary and permanently mandating that Suffolk County Police Commissioner Rodney Harrison, and all successors, his officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with him who receive actual notice thereof:

- provide the New York State PPB-3 application on the Suffolk County Police Department website and local police precincts;
- (ii) accept the PPB-3 for filing from all applicants upon presentment;
- (iii) fingerprint applicants upon presentment of the completed PPB-3 or, in the alternative, publish the Suffolk County Police Department ORI number (Originating Agency Identifier) on its website and in local precincts for applicants to submit their fingerprints directly to the New York State Division of Criminal Justice Services (DCJS) and accept the resulting DCJS Report upon presentment of the PPB-3;
- (iv) photograph applicants upon presentment of the completed PPB-3 or, alternative, accept 2 statutorily required photographs from applicants upon presentment of the PPB-3;
- (v) provide hours of public accessibility outside of the Licensing Bureau's currently restricted hours of Monday-Friday from 9:00 – 4:30 p.m.; and
- (vi) within 30 days of the presentment of the completed PPB-3 application, issue a handgun license to all applicants eligible to possess firearms under state and federal law, including

2 Overhill Road, Suite 400          info@bellantoni-law.com          (914) 367-0090 (t)
Scarsdale, New York 10583         www.bellantoni-law.com          (888) 763-9761 (f)

Plaintiffs.

Plaintiffs further seek an Order preliminarily and permanently enjoining Suffolk County Police Commissioner Rodney Harrison, and all successors, his officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with him who receive actual notice thereof from:

- implementing and enforcing Penal Law sections 400.00(1)(b), 400.00(1)(o), 400.00(19), that portion of section 400.00(4-a) allowing statutory licensing officers 6 months to either issue a license or deny an application made thereunder;
- (ii) implementing and enforcing Penal Law section 400.00(15) against handgun licensees who carry a handgun registered thereon outside of their license restriction;
- (iii) implementing a licensing process that exceeds 30 days between presentment New York State Pistol/Revolver License Application (PPB-3) and issuance of a license (or denial thereof); and
- (iv) requiring applicants to be personally interviewed.

Plaintiffs also seek a seek an Order preliminarily and permanently enjoining the enforcement of a Suffolk County policy that subjects unlicensed individuals who participate in live-fire training with a duly authorized instructor, and/or their instructors, to criminal penalties including arrest and incarceration.

Kindly advise as to which, if any, of the provisions Suffolk County will agree to resolve. Thank you.

Sincerely,

*Amy L. Bellantoni*

Amy L. Bellantoni
Encl.