

December 19, 2022

**VIA ECF**

Hon. Gary R. Brown
United States District Judge
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Giambalvo v Suffolk County*, et al. 22 Civ. 04778 (GRB)(ST)

Dear Judge Brown,

      I represent the plaintiffs in the above-referenced matter and submit the following in response to the State's premotion letter dated December 9, 2022.

**PPB-3 Harm is Directly Traceable to NYSP Acting Superintendent Nigrelli[1]**
      By statute, the superintendent of the New York State police is required to "approve[] as to form" all pistol license applications.[2, 3] Since at least 2017, the NYSP superintendent has created and published the State of New York Pistol/Revolver License Application (the PPB-3) for use by licensees statewide. The only approved (and, therefore required) pistol license application (outside of New York City) is the State of New York Pistol/Revolver License Application (the PPB-3) created and published by the NYSP superintendent.

      The CCIA-related information must not only be disclosed to the *licensing officers* [see, State premotion letter at p. 2] but also *written down* on mandatory statewide State of New York Pistol/Revolver License Application (the PPB-3), which Acting Superintendent Nigrelli amended in August 2022 to incorporate the CCIA language.

      After the CCIA was passed, Acting Superintendent Nigrelli amended the existing PPB-3 (Rev. 06/17) to incorporate the disclosure provisions of Penal Law 400.00(1)(o) for individuals applying for a concealed carry pistol license (Rev. 08/22)[4], to wit, disclosure of: (i) names and contact information for the applicant's current spouse, or domestic partner, any other adults residing in the applicant's home, including any adult children of the applicant, and whether or not there are minors residing, full time or part time, in the applicant's home; (ii) names and contact information of no less than four character references who can attest to the applicant's good moral character and that such applicant has not engaged in any acts, or made any statements that suggest they are likely to engage in conduct that would result in harm to themselves or others; and (v) a list of former and current social media accounts of the

---

[1] Dr. McGregor is not challenging the PPB-3 application which is only required for initial applicants.
[2] See, Penal Law 400.00(3).
[3] See, email from NYSP Pistol License Bureau at Ex. 1 to Bellantoni Declaration ISO Preliminary Injunction.
[4] See, attached PPB-3 Rev. 8/22 and Rev. 06/17.

applicant from the past three years to confirm the information regarding the applicant's character and conduct. Moreover, upon making a determination of an individual's application, the licensing officer must send the "Granted" applications (but not those that are ("Denied")) to the NYSP.[5]

Because all pistol license applicants must complete the PPB-3, including those seeking a concealed carry license, Plaintiffs seek to enjoin those portions of the PPB-3 that require the disclosure of information required by 400.00(1)(o); their harm is directly traceable to both Nigrelli and Suffolk County.

### Eleventh Amendment

The Eleventh Amendment does not bar injunctive relief against Superintendent Nigrelli; he has demonstrated his duty and willingness to enforce the challenged provisions of the CCIA by implementing its provisions into the required statewide PPB-3 application.

### Plaintiffs Have Alleged an Injury-In-Fact

Plaintiffs Giambalvo, Mougios, Mashkow, and McLaughlin are suffering an injury-in-fact which, as discussed below, is directly traceable to Acting Superintendent Nigrelli. The State posits that because Suffolk County will not accept their PPB-3 applications for years, they have not been harmed. Unlike other plaintiffs who have not made the effort to apply for a license, these Plaintiffs have subjected themselves to the licensing process, paid a filing fee, filled out what the County represented to be the application, and have taken all steps they can reasonably take to obtain a license. Plaintiffs have also brought this lawsuit and applied for a mandatory injunction to compel Suffolk County to accept the PPB-3 upon presentment, which if granted, will require Plaintiffs to complete the entire PPB-3 – including the challenged portions of the CCIA under Penal Law 400.00(1)(o). As noted below, if approved, Plaintiffs' PPB-3 applications will be forwarded by Suffolk County to the NYSP. If Plaintiffs leave the CCIA provisions on the PPB-3 blank, even if Suffolk County accepts and approves the application, it will be rejected by the NYSP if the CCIA provisions of the PPB-3 are not enjoined.

### Penal Law 400.00(15)

Penal Law 400.00(15) is a criminal statute. Its plain text provides, "Any violation by any person of any provision of this section is a class A misdemeanor" – a crime punishable by up to 1 year in jail, probation, fines, and other civil penalties.[6] The case relied on by the State, *People v. Thompson*, 92 N.Y.2d 957 (1998) is inapposite. The defendant was charged under Penal Law 400.00(8) and (17), not (15). Moreover, the State speculates that it is only "unlikely" Dr. McGregor will not be arrested by the NYSP, whose Superintendent "looks up to" Gov. Hochul's "leadership…and laser-like focus on eradicating guns" and vowed that the NYSP "are standing ready to do our job to ensure… all laws are enforced." https://www.youtube.com/watch?v=gC1L2rrztQs. The threat is credible and "courts are generally willing to presume that the government will enforce the law as long as the relevant statute is recent and not moribund." *Picard v. Magliano*, 42 F.4th 89, 98 (2d Cir. 2022).

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni

---

[5] A duplicate copy of such application shall be filed by the licensing officer in the executive department, division of state police, Albany, within ten days after issuance of the license. § 400.00(5).

[6] See also, Penal Law 400.00(17) "Applicability of section. The provisions of article two hundred sixty-five of this chapter relating to illegal possession of a firearm, shall not apply to an offense which also constitutes a violation of this section by a person holding an otherwise valid license under the provisions of this section and such offense shall only be punishable as a class A misdemeanor pursuant to this section..." Subsection 15 reduces a licensee's criminal exposure to a misdemeanor from a felony under Penal Law 265.