UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

                            Plaintiffs,

                            -against-

SUFFOLK COUNTY, New York, Police Commissioner
RODNEY HARRISON, in his Official Capacity, MICHAEL
KOMOROWSKI, Individually, ERIC BOWEN, Individually,
WILLIAM SCRIMA, Individually, WILLIAM WALSH,
Individually, THOMAS CARPENTER, Individually, JOHN
DOES 1-5, Individually and JANE DOES 1-5, Individually,
Acting Superintendent of the New York State Police
STEVEN NIGRELLI, in his Official Capacity,

                            Defendants.
------------------------------------------------------------------X

**Declaration of Patricia M. Hingerton in Opposition to a Preliminary Injunction**

Case No.: 2:22-cv-04778

(Brown, J.)(Tiscione, M.J.)

PATRICIA M. HINGERTON, an attorney duly licensed to practice law before the Courts of this State and in the Eastern District of New York, declares the following to be true and correct under penalty of perjury, pursuant to § 1746 of Title 28 of the United States Code:

1. I am an Assistant Attorney General, of counsel to Letitia James, Attorney General of the State of New York, attorney for Defendant Steven Nigrelli, in his official capacity as Acting Superintendent of the New York State Police (the "Superintendent") in the above-referenced action.

2. I submit this Declaration is support of the Superintendent's opposition to Plaintiffs' motion for a preliminary injunction, ECF No. 27, for the limited purpose of putting before the Court the following documents referenced in the accompanying memorandum of law:

    Exhibit 1:                    Excerpt of the Laws and Liberties of Massachusetts, 1648, including certain orders of the Massachusetts General Court.

1

| | |
|---|---|
| Exhibit 2: | Excerpt from the Statutes at Large of Pennsylvania From 1682 to 1801, containing a 1763 act prohibiting The selling of guns to Native Americans. |
| Exhibit 3: | Excerpt from 7 William Waller Hening, The Statutes At Large: Being a Collection of All the Laws of Virginia From the First Session of the Legislature, in the Year 1619 (Richmond: Franklin Press, 1809), containing a 1756 "Act for Disarming Papists, And Reputed Papists, Refusing To Take The Oaths To The Government." |
| Exhibit 4: | Excerpt from the Records of Massachusetts, volume 1 (Nathaniel B. Shurtleff ed. 1853), containing a 1637 Order disarming certain named followers of a dissident Preacher "insomuch as there is just cause of suspition that they…may, upon some revelation, make some suddaine irruption upon those that differ from them in judgment." |
| Exhibit 5: | Excerpt from the Statutes of the Realm, volume 5 (1819), containing the Militia Act of 1662, which Authorized royal officials to "search for and seize all arms in the custody or possession of any person or persons whom the said Lieutenant or two or more of their deputies shall judge dangerous to the peace of the Kingdom." |
| Exhibit 6: | Excerpt from the 1775-76 edition of the Massachusetts Acts & Laws, containing "An Act for the executing in the Colony of the *Massachusetts-Bay*, in *New England*, one Resolve of the *American Congress*, dated March 14, 1776, recommending the disarming such persons as are notoriously disaffected to the Cause of *America*, or who refuse to associate to defend by Arms the *United American Colonies*, against the hostile Attempts of the *British* Fleets and Armies, and for the restraining and punishing Person who are inimical to the Rights and Liberties of the said *United Colonies*, and for directing the proceedings therein." |
| Exhibit 7: | Excerpt from the 1776-77 edition of the Laws Enacted in the First Sitting of the First General Assembly of the Commonwealth of Pennsylvania, including "An ACT, obliging the male white inhabitants of this state to give assurances of allegiance to the same," including a provision that persons refusing or neglecting to take the oath |

2

|  |  |
|---|---|
|  | "shall be disarmed by the lieutenant or sublieutenants of the city or counties respectively." |
| Exhibit 8: | Excerpt from the 1777 Maryland Session Laws, including "An ACT for the better security of the government." |
| Exhibit 9: | Excerpt from the 1777 North Carolina Session Laws, Including "An Act to Amend An Act for Declaring What Crimes and Practices Against the State Shall Be Treason,… and for Preventing the Dangers Which May Arise From Persons Disaffected to the State." |
| Exhibit 10: | Excerpt from 9 William Waller Hening, <u>The Statutes At Large: Being a Collection of All the Laws of Virginia From the First Session of the Legislature, in the Year 1619</u> (Richmond: Franklin Press, 1809), containing a 1777 "Act to oblige the free male inhabitants of this state above a certain age to give assurance of Allegiance to the same, and for other purposes." |
| Exhibit 11: | Excerpt from the <u>Journals of the Provincial Congress, Provincial Convention, Committee of Safety, and Council of Safety of the State of New York</u> (1842), containing a March 27, 1776 order that "the committees of the several cities, counties, manors, townships, precincts and districts in this Colony, forthwith to cause to be disarmed, all persons within their respective districts who are known to be disaffected to the cause of America." |
| Exhibit 12: | Excerpt from Thomas Greenleaf, <u>Laws of the State of New York, Comprising the Constitution, and the Acts of the Legislature, since the Revolution, from the First to the Fifteenth Session, Inclusive</u> (1792), containing an April 4, 1786 "Act to regulate the Militia." |
| Exhibit 13: | Excerpt from the 1780 Session Laws of New York, containing a March 11, 1780 "Act for regulating the militia of the State of New York." |
| Exhibit 14: | Excerpt from the 1782 Session Laws of New York, containing an April 4, 1782 "Act to regulate the militia." |
| Exhibit 15: | Excerpt from the 1806 Session Laws of New Jersey, containing a March 11, 1806 "Act for establishing and conducting the military force of New- Jersey." |

| | |
|---|---|
| Exhibit 16: | Excerpt from the 1822 Session Laws of Pennsylvania, containing an April 2, 1822 "Act for the Regulation of the Militia of this Commonwealth." |
| Exhibit 17: | The federal "Act to punish the carrying or selling of deadly or dangerous weapons within the District of Columbia, and for other purposes," Public Law 52-159, 27 Stat. 116. |
| Exhibit 18: | Excerpt from the Ordinances of the Mayor, Aldermen and Commonalty of the City of New York, In Force January 1, 1881 (Elliot F. Shepard & Ebenezer B. Shafer, eds.), including Article 27, concerning the "Carrying of Pistols." |
| Exhibit 19: | Excerpt from the Proceedings of the Board of Aldermen of the City of New York, detailing the January 7, 1878 enactment of the ordinance in Exhibit 27. |
| Exhibit 20: | Excerpt from John Carpenter's Liber Albus: The White Book of the City of London, showing medieval requirements "that no one, of whatever condition he be, go armed in the said city or in the suburbs…" |
| Exhibit 21: | Excerpt from 1 William Hawkins, A Treatise of the Pleas of the Crown (1716), discussing the limitations on the license to carry weapons in England. |
| Exhibit 22: | October 4, 1880 ordinance enacting a system for pistol permits for "proper and law abiding person[s]" in the City of Brooklyn, as reprinted in the October 26, 1880 edition of the Brooklyn Daily Eagle. |
| Exhibit 23: | Excerpt from the 1891 Session Laws of New York, revising the charter of the city of Buffalo to provide for pistol permitting upon "the discretion of the superintendent." |
| Exhibit 24: | July 18, 1892 ordinance enacting a system of pistol permits for "proper and law abiding person[s]" in the city of Elmira, as reprinted in the July 28, 1892 edition of the Elmira Gazette. |
| Exhibit 25: | 1892 ordinance of the City of Syracuse permitting the chief of police to issue one-year permits "in proper cases," as reprinted in the 1894 edition of the Charter and Ordinances of the City of Syracuse, N.Y. |

4

| | |
|---|---|
| Exhibit 26: | 1905 ordinance of the City of Troy, enacting a system of pistol permits for "proper and lawabiding person[s]," as reprinted in the 1905 edition of the <u>Municipal Ordinances of the City of Troy</u>. |
| Exhibit 27: | Penal Ordinance No. 35 of the City of Lockport, as reprinted in the August, 1913 edition of the <u>Revised Charter and Ordinances of the City of Lockport</u>. |
| Exhibit 28: | 1905 "ordinance regulating the carrying of loaded firearms in the City of Albany," establishing a system of pistol permits issued by the Commissioner of Public safety "if satisfied that the applicant is a proper and law-abiding person," as reprinted in the 1910 edition of the <u>Municipal Code of the City of Albany, N.Y.</u> |
| Exhibit 29: | Excerpt from the 1780 Session Laws of New York, containing a March 11, 1780 "Act for regulating the militia of the State of New York." |
| Exhibit 30: | Statute of the City of Omaha, banning the carrying of concealed weapons by anyone except for "well known and worthy citizens, or persons of good repute," but only if "going to or from their place of places of business," as reprinted in the 1881 edition of the <u>Compiled Ordinances of the City of Omaha</u>. |
| Exhibit 31: | The first federal Militia Act, Public Law 2-33, 1 Stat. 271. |
| Exhibit 32: | Excerpt from the 1806 Session Laws of New Jersey, containing a March 11, 1806 "Act for establishing and conducting the military force of New-Jersey." |
| Exhibit 33: | Excerpt from 12 William Waller Hening, <u>The Statutes at Large: Being a Collection of All the Laws of Virginia From the First Session of the Legislature, in the Year 1619</u> (Richmond: Franklin Press, 1809), containing an October 17, 1785 "Act to amend and reduce into one act, the several laws for regulating and disciplining the militia, and guarding against invasions and insurrections." |
| Exhibit 34: | Transcript of the Conference and Decision on plaintiff's preliminary injunction application in <u>Corbett v. Hochul</u>, No. 22 Civ. 5867 (S.D.N.Y. Nov. 29, 2022) (Schofield, J., Ruling from the bench). |

WHEREFORE, for the reasons set forth in the accompanying memorandum of law, it is respectfully requested that Plaintiffs' motion for a preliminary injunction to the extent that it seeks to challenge the CCIA should be denied, and the Court should grant such other and further relief as it may deem just and proper.

Dated: Hauppauge, New York
January 20, 2023

*Patricia M. Hingerton*
Patricia M. Hingerton
Assistant Attorney General

6