SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------X
In the Matter of MICHAEL P. MCGREGOR,

                                 Petitioner,

Index No.: 622716/2021

For an Order of Mandamus Pursuant to CPLR 7803(1)
To Compel a Determination Pursuant to Penal Law
§ 400.00(4-a)

**AFFIDAVIT IN SUPPORT OF**
**MOTION TO DISMISS**

              -against-

STUART CAMERON, in his Official Capacity as
Acting Police Commissioner and Pistol Licensing
Officer,

                                Respondent.
------------------------------------------------------------X

State of New York )
                ss.:
County of Suffolk )

      MICHAEL KOMOROWSKI, having been duly sworn, deposes and says:

1. I am currently employed as a Lieutenant in the Pistol Licensing Bureau of the Suffolk County Police Department ("Pistol Licensing Bureau") and have been so employed in such capacity for the past four (4) years. I have been employed by the Suffolk County Police Department for the past 30 years.

2. I make this affidavit in support of the Respondent's Motion to Dismiss the Verified Petition of Petitioner Michael P. McGregor ("Petitioner" or "McGregor") pursuant to CPLR §§ 3211(a)(1) and (7) because: (1) it is barred by documentary evidence, and (2) it fails to state a cause of action.

1

3. Due to COVID, the Suffolk County Police Department Pistol Licensing Bureau did not conduct new applicant interviews between March 2020 and June 2020, and between December 2020 and April 2021. This caused a significant back-log of applicant questionnaires waiting to be assigned to Applicant Investigators for interviews. In addition, in 2020, 6213 Pistol License Applicant Questionnaires were submitted, and in 2021, 3019 Pistol License Applicant Questionnaires were submitted. This number is in stark comparison to the years 2017, 2018, and 2019, when the average for submitted Pistol License Questionnaires was 2100 per year.

4. On or about November 11, 2020, Petitioner submitted to the Pistol Licensing Bureau, a Pistol License Applicant Questionnaire (form PDCS 4406n Rev.2), a redacted copy of which is annexed hereto as Exhibit A.

5. The submission of the Pistol License Applicant Questionnaire is the first step towards obtaining a pistol license. The next step is for the applicant to be called into the Pistol Licensing Bureau for an interview, during which time the applicant is fingerprinted and a formal New York State Pistol/Revolver License Application (form PPB 3 rev. 06/17) ("NYS Application") (annexed hereto as Exhibit "B") is completed. The fingerprints are forwarded to New York State and the NYS Application is investigated.

6. According to Penal Law §400.00 (4-a), the Suffolk County Pistol Licensing Bureau has six (6) months to act upon the Petitioner's completed NYS Application. The six (6) month period starts to run once Petitioner is interviewed, during which time he will be fingerprinted and he will complete the NYS Application. Accordingly, the date the NYS Application and fingerprints are completed (the date of the interview), is the date by which the six (6) month time frame as set forth in NYS Penal Law § 400.00(4-a) commences.

2

7. On November 15, 2021, Petitioner's matter was assigned to an Applicant Investigator. It is anticipated that Petitioner will be called in for an interview within the next several months.

8. Since Petitioner's NYS Application will not be completed until he is interviewed and fingerprinted, his petition and writ of mandamus seeking to compel the immediate determination of his application for a New York State Pistol License is premature and must, therefore, be dismissed.

_____
MICHAEL KOMOROWSKI

Sworn to before me this
____ day of December 2021

_____
State of New York
Notary Public

Elaine Jean DeRocco
Notary Public, State of New York
NO. 01DE6259615
Qualified in Suffolk County
Commission Expires April 16, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X
In the Matter of MICHAEL P. MCGREGOR,

                            Petitioner,

For an Order of Mandamus Pursuant to CPLR 7803(1)
To Compel a Determination Pursuant to Penal Law
§ 400.00(4-a)

       -against-

STUART CAMERON, in his Official Capacity as
Acting Police Commissioner and Pistol Licensing
Officer,

                            Respondent.
------------------------------------------------------------------X

Index No.: 622716/2021

Assigned Justice:
Hon. Kathy G. Bergmann

---

### RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

---

DENNIS M. COHEN
Suffolk County Attorney
*Attorney for Respondent*
H. Lee Dennison Building
100 Veterans Memorial Hwy.
P.O. Box 6100
Hauppauge, New York 11788
(631) 853-5822

By: Hope Senzer Gabor
Assistant County Attorney

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of the Respondent, STUART CAMERON, in his Official Capacity as Acting Police Commissioner and Pistol Licensing Officer's motion to dismiss the Petitioner's Petition seeking a Writ of Mandamus for and Order and Judgment, pursuant to CPLR §§ 3211(a)(1) and (7). The Petition is premature, and therefore must be dismissed in its entirety because: (1) it is barred by documentary evidence, and (2) it fails to state a cause of action.

Petitioner filed a Verified Petition and "Writ of Mandamus to Compel the Immediate Determination of Petitioner's Application for a New York State Pistol License" (NYSCEF Doc. No. 1) (Exhibit "C"), accompanied by a Memorandum of Law (NYSCEF Doc. No. 4), claiming that Respondent is in violation of New York State Penal Law § 400.00 (4-a). As argued below, the Petition must be dismissed as premature. Petitioner has not yet completed the Application for a New York State Pistol/Revolver License Application, which will be completed at the time of his interview, and, since his interview has yet to be conducted, the six (6) month time period as set forth in Penal Law § 400.00 (4-a) has not yet commenced.

## ARGUMENT

### POINT I

### THE STANDAND SET FORTH IN CPLR §3211 DEMANDS DISMISSAL OF THIS ACTION

A motion to dismiss pursuant to CPLR §3211 will be granted where, as here, the moving party establishes entitlement to dismissal as a matter of law.

CPLR §3211 (a) provides in relevant part:

1

> 3211. (a) Motion to dismiss cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the grounds that:
>
> 1. a defense is founded on documentary evidence, or…
>
> 7. the pleading fails to state a cause of action.

CPLR §3211 (a)(1) and (7) .

On a motion to dismiss, the sole issue before the Court is whether the facts alleged in the Complaint fit any cognizable legal theory. The standard is whether the plaintiff has a cause of action, not whether the complaint states a cause of action. *Leon v. Martinez*, 84 N.Y.2d 83, 87-88 (1994); see also, *Goldman v. Metropolitan Life Ins. Co.*, 5 N.Y.3d 561 (2005). It is well established that on a motion to dismiss, the Court's task is to determine "whether, accepting as true the factual averments of the Complaint, plaintiff can succeed upon any reasonable view of the facts stated (*internal citations omitted*)." *People v. New York City Transit Authority*, 59 N.Y.2d 343, 348 (1983). Conclusory allegations, however, are insufficient to survive a motion to dismiss. See, *Godfrey v. Spano*, 13 N.Y.3d 358, 373 (2009).

In this case, as discussed in detail below, Petitioner cannot succeed based on any reasonable view of the facts, the reasons being independent and sufficient on their own, because: (i) there is documented proof that Petitioner has not yet completed the New York State Pistol Licence Application (he only filed a Pistol License Applicant Questionnaire) and (ii) Petitioner fails to plead a cause of action against Respondent. Accordingly, the Petition must be dismissed in its entirety.

## POINT II

## THE PETITION IS PREMATURE AND THEREFORE MUST BE DISMISSED

**A. Documentary Evidence**

2

A motion to dismiss pursuant to CPLR 3211(a)(1), on the ground that the action is barred by documentary evidence: "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law." *Goshen v. Mutual Life Ins. Co. of New York,* 98 N.Y. 2d 314, 326, 774 N.E. 2d 1190, 746 N.Y.S.2d 858 (2002), *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.* 37 N.Y. 3d 169, 174, 117 N.E. 3d 1192, 1194, 150 N.Y.S. 3d 79, 83 (2021).

As set forth in his Verified Petition, Petitioner is under the mistaken belief that he filed a New York State Application for a Pistol/Revolver License, when, in fact, he only took the first step in the process. On or about November 11, 2020, Petitioner submitted to the Pistol Licensing Bureau, a Pistol License Applicant Questionnaire (form PDCS 4406n Rev.2) ("Applicant Questionnaire") a copy of which is annexed to the affidavit of Lt. Michael Komorowski as Exhibit "A". This is not the New York State Application for a Pistol/Revolver License, (form PPB 3 rev. 06/17) ("NYS Application") which is annexed to the affidavit of Lt. Komorowski as Exhibit "B".

As explained in Lt. Komorowski's Affidavit, the reflief sought by Petitioner is premature. Petitioner took the first step in the process for obtaining a pistol license by submitting a Pistol License Applicant Questionnaire. The next step will take place when the Petitioner is called into the Pistol Licensing Bureau for an interview, during which time he will be fingerprinted and the formal NYS Application is completed. The fingerprints are forwarded to New York State and the NYS Application is investigated. (Komorowski Affidavit ¶ 5). In accordance with Penal Law §400.00 (4-a), the Suffolk County Pistol Licensing Bureau has six (6) months to act upon the Petitioner's completed NYS Application. The six (6) month period starts to run once Petitioner is interviewed, during which time he will be fingerprinted and he will complete the NYS Application.

3

(Komorowski Affidavit ¶ 6). Since this time period has not yet commenced, the Pettition is premature and must therefore, be dismissed as a matter of law.

The documentary evidence clearly illustrates that Petitioner submitted his Applicant Questionnaire on November 11, 2020. (Komorowski Affidavit Exhibit "A"). The documentary evidence also shows that Petitioner's NYS Application is not complete until such time as he is interviewed and fingerprinted. (Komorowski Affidavit Exhibit "B"). Although on November 15 2021, Petitioner's application was assigned to an Applicant Investigator, Petitioner has yet to be called in for an interview (Komorwski Affidavit ¶ 7). Once the interview takes place, Petitioner will be fingerprinted and he will complete the NYS Application. The six month statutory time-frame, and pursuant to Penal Law §400.00 (4-a), will then commence. The Suffolk County Pistol Licensing Bureau has six (6) months from that date to act upon the Petitioner's completed NYS Application. (Komorowski Affidavit ¶ 6).

In a similar matter, this Court (Hon. James Hudson) dismissed a CPLR Article 78 petition seeking the remedy of mandamus to compel the issuance of a pistol permit. In that case, Petitiioner had not fully completed his application for a pistol license and the Court determined that the Petition was premature due to the fact that the six (6) month statutory time period set forth in NYS Penal Law § 400.00 (4-a) had not yet expired. Annexed hereto as Exhibit "D" is a copy of the decision, *McCarthy v. Sini,* Index No.: 006103/2016 (Sup. Ct. Suf. Cty., September 15, 2016). Same here; since Petitioner has not yet completed the NYS Application, the Petition is premature and therefore, must be dismissed.

4

## CONCLUSION

In view of the foregoing, it is respectfully submitted that the Petition be dismissed in its entirety as premature, together with such other and further relief this Court may deem just, proper, and equitable.

Dated: Hauppauge, New York
December 28, 2021

>DENNIS M. COHEN
>Suffolk County Attorney
>
>By: *Hope Senzer Gabor*
>Hope Senzer Gabor
>Assistant County Attorney
>*Attorney for Respondent*
>
>100 Veterans Memorial Hwy.
>P.O. Box 6100
>Hauppauge, New York 11788
>(631) 853-5822

5