UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

                          Plaintiffs,                     22 Civ. 04778 (GRB)(ST)

    -against-

                                                **DECLARATION OF**
SUFFOLK COUNTY, New York,                         **MICHAEL MCGREGOR**
Police Commissioner RODNEY HARRISON,
in his Official Capacity, MICHAEL
KOMOROWSKI, Individually, ERIC BOWEN,
Individually, WILLIAM SCRIMA, Individually,
WILLIAM WALSH, Individually, THOMAS
CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually,

                          Defendants.
------------------------------------------------------------x

        MICHAEL MCGREGOR, declares pursuant to 28 U.S.C. § 1746 that:

        1.     I am a plaintiff in the above-captioned matter. I make this Declaration of my own personal knowledge and if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

        2.     I submit this Declaration in support of Plaintiffs' application to preliminarily and permanently enjoin enforcement of policies and procedures of the Suffolk County Police Department and certain state statutes that are violating my right to purchase, possess, and carry a handgun for self-protection.

        3.     I am a resident of Suffolk County, New York and a practicing physician. I have no prohibitions or disqualifications to the lawful purchase, receipt, possession, or ownership of firearms.

1

4.  In 2020, I visited the Suffolk County Police Department website to obtain information about applying for a New York State license to purchase, possess, and carry a handgun. According to the website, the only application required to apply for a handgun license was the "Applicant Questionnaire." No other application was provided or even mentioned.

5.  Around November 13, 2020, I completed and submitted the Applicant Questionnaire, along with the $10 fee, to the Licensing Bureau.

6.  Around October 13, 2021, I contacted the Licensing Bureau to follow up on the status of my application. I was informed that no decision had been made because the Pistol Licensing Bureau was currently "working on pistol license applications from August 2020."

7.  The information published on the SCPD website led me to believe that the Applicant Questionnaire I submitted with my check in November 2020 was the required application that started the 6-month clock under the state statute.

8.  On December 7, 2021, my attorney filed a mandamus proceeding in Suffolk County State Supreme Court to mandate the SCPD Police Commissioner to issue a determination on my application because more than 6 months had elapsed since its filing and the law requires SCPD to issue a license or denial within that time frame.

9.  Suffolk County filed a motion to dismiss the proceeding, arguing that it was "premature" because the SCPD Applicant Questionnaire does not start the 6-month clock –the clock does not start running until the interview takes place and I am given the State Application.

10. As the lawsuit was pending, and likely because we filed a lawsuit, I was contacted by Investigator Carpenter on January 11, 2022, to schedule an appointment to be interviewed and fingerprinted.

11. All of the dates offered by Inv. Carpenter were Wednesdays, which presented a conflict with my work schedule. I asked Inv. Carpenter for an appointment that did not fall on a Wednesday because I would have to take off from work, but he replied that Wednesdays are the only days of the week that the Licensing Bureau schedules interviews and fingerprinting.

12. With no other options, I took the day off from work to be interviewed and fingerprinted by SCPD to obtain a license to exercise a right that is guaranteed by the Constitution.

13. On Wednesday, January 26, 2022, the day after the New York Supreme Court granted the County's motion to dismiss the Mandamus as 'premature' because the State Application had not yet been filed, I met with Inv. Carpenter.

14. I was interviewed and fingerprinted by Inv. Carpenter who also gave me the New York State Pistol/Revolver License Application (PPB-3) to take home, complete, and have signed by each of my 4 references, which I did.

15. I filed the completed State Application PPB-3 with SCPD.

16. On March 24, 2022 – **16 months** after filing the Applicant Questionnaire and paying the SCPD filing fee – I was finally issued a handgun license.

17. I wanted an unrestricted concealed carry license, but because SCPD required everyone to establish 'proper cause' and a special need greater than anyone else in society, applying for an unrestricted carry would be futile.

18. The handgun license I was issued in March 2022 is a concealed carry handgun license restricted to sportsman, which allows me to purchase and possess handguns, and carry a handgun during sporting and target shooting activities.

19. After the *Bruen* decision in June 2022, I expected that the restrictions on my concealed carry license would automatically be deemed moot. But SCPD policy requires that

restricted concealed carry licensees file an amendment and pay yet another fee to remove unconstitutional restrictions that were only imposed because of a now-banned unconstitutional 'proper cause' requirement.

20.     Notwithstanding the absurdity, on August 15, 2022 I went to SCPD to present the amendment form and pay the fee. I told Inv. Carpenter that I was filing to have my restrictions removed and he informed me that the amendment form and check "starts it" but "doesn't change anything right now", meaning that I have applied for the ability to carry concealed to defend myself and paid the fee, but nothing has changed – despite *Bruen*.

21.     Inv. Carpenter gave me my receipt "to show that you started the 'process'" and told me to "keep [my] eyes and ears open for further guidance on the training and all that stuff."

22.     By 'training and all that stuff' Inv. Carpenter was referring to the 18-hour training requirement required by the Concealed Carry Improvement Act (CCIA) – which would not take effect for another 2 weeks on September 1, 2022.

23.     I have a New York State concealed carry handgun license - I object to having to take any additional steps to exercise my right to carry a handgun for self-defense.

24.     I also will not take the 18-hour class required by the CCIA.

25.     I go target shooting about once a month for 2-3 hours on average, usually at Blue Mountain in Courtlandt Manor if weather is nice or Coyne Park in Yonkers in the evenings or inclement weather. I fully intend to continue range practice to stay proficient with my handgun, but my right to self-protection cannot be conditioned on government permission. I am also not going to turn over my social media accounts, or who I live with and am married to, and the Licensing Bureau should not have discretion to create their own local rules – SCPD already

disregards the state's laws, allowing them free reign to create 'more restrictive' regulations will further destroy our Second Amendment rights.

26. I am going to carry my handgun in public for self-protection outside of my sportsman restriction on a regular basis – with or without being issued an amended license. I should not be subject to criminal penalties for doing so.

27. Of course, I have no intention of carrying a handgun in locations that the Supreme Court has identified as sensitive, like polling places, schools, and courthouses.

28. I know that I face a credible threat of arrest by SCPD and NYSP for carrying my registered handgun outside of my license restriction, but I should not have to choose between engaging in constitutionally protected conduct and being arrested.

29. The Suffolk County defendants created an absolute bar to my ability to purchase, possess, and carry a handgun for self-defense for over 16 months and are continuing to prohibit my right to protect myself when I leave the house.

30. The Court should, respectfully, preliminarily and permanently enjoin Defendants' enforcement of the criminal statutes against licensed handgun owners, like myself, for carrying outside of my restriction – conduct protected by the plain text of the Second Amendment.

31. Restricted concealed carry licensees should not be subjected to the provisions of the CCIA until renewal, if at all.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 28, 2022

Michael McGregor