UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ZACHARY GIAMBALVO, JOHN MOUGIOS,
SHANE MASHKOW, KEVIN MCLAUGHLIN,
MICHAEL MCGREGOR, FRANK MELLONI,
and RENAISSANCE FIREARMS INSTRUCTION,
INC., and all similarly situated individuals,

                       Plaintiffs,           22 Civ. 04778 (GRB)(ST)

     -against-

                                               **DECLARATION OF**
SUFFOLK COUNTY, New York,                  **FRANK MELLONI**
Police Commissioner RODNEY HARRISON,
in his Official Capacity, MICHAEL
KOMOROWSKI, Individually, ERIC BOWEN,
Individually, WILLIAM SCRIMA, Individually,
WILLIAM WALSH, Individually, THOMAS
CARPENTER, Individually, JOHN DOES
1-5, Individually and JANE DOES 1-5,
Individually, STEVEN NIGRELLLI, in his official
capacity,
                       Defendants.
-----------------------------------------------------------------x

       FRANK MELLONI, declares pursuant to 28 U.S.C. § 1746 that:

       1.       I am a plaintiff in the above-captioned matter. I make this Declaration of my own personal knowledge and if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

       2.       I submit this Declaration in support of Plaintiffs' application to preliminarily and permanently enjoin enforcement of the Suffolk County Police Department policy to arrest any person who engages in a live-fire handgun training program who does not have a New York State handgun license, including their instructors.

       3.       I am an NRA-certified firearms instructor and President of Renaissance Firearm Instruction, Inc. (RFI), located in Suffolk County, New York. RFI provides firearms training to

1

students through NRA-certified instructors on a wide-variety of skills and practices, including the NRA Basic Pistol Course.

4. After the enactment of the New York State Concealed Carry Improvement Act (CCIA), I created an 18-hour CCIA-compliant curriculum to train and certify individuals seeking to apply for, or renew, a New York State concealed carry handgun license. My CCIA training curriculum encompasses the requirements of Penal Law § 400.00(19), including the required 2-hour live-fire component (the "18-hour course"). The 18-hour course encompasses the NRA Basic Pistol Course, and otherwise meets the minimum standards required by the New York State Division of Criminal Justice Services.

5. RFI offers the 18-hour course to the public, including individuals who have not been issued a New York State handgun license.

6. I am duly authorized to instruct, supervise, and administer the 18-hour training course and to issue the requisite certificate required to obtain a New York State concealed carry handgun license [Penal Law § 400.00(1)(o)(iii)] to students who have successfully completed the course.

7. While individuals cannot legally possess a handgun in New York without a New York State handgun license, Penal Law section 265.20 (3-a)[1] provides an exception to New York's criminal statutes.

8. I advertise the 18-hour course on the RFI website, which contains a registration link for students to sign up for the training. The training is held at the Smithtown VOA Gun Club in Smithtown, New York (Suffolk County).

---

[1] 3-a. Possession of a pistol or revolver by a person undergoing live-fire range training pursuant to section 400.00 of this chapter while such person is undergoing such training and is supervised by a duly authorized instructor. N.Y. Penal Law § 265.20.

2

9. The November 6, 2022 class had 18 registered students, including individuals who did not have a New York State handgun license. For unlicensed students, pistols and ammunition are made available during the live-fire training component, which is directly supervised by authorized and certified instructors, including myself.

10. On October 24, 2022, I was forced to cancel the registration of 4 unlicensed individuals who had paid and signed up for the November 2022 18-hour class, and refund their payment, which caused economic harm to myself and RFI. I have since canceled numerous registrations of unlicensed individuals for the 18-hour class for the reasons set forth below.

11. The reason I was forced to deregister the unlicensed students was the verbal threat that I received from Lt. Michael Komorowski of the Suffolk County Police Department. Lt. Komorowski informed me that SCPD will "arrest anybody who handles a pistol or revolver without a New York State pistol permit."

12. Lt. Komorowski went so far as to say that SCPD is "not honoring" the exemption outlined in Penal Law § 265.20(3-a), which clearly allows for training before a permit is issued, as it is part of the application process.

13. After my conversation with Lt. Komorowski, I called the licensing bureaus of the Nassau County Police Department and the Suffolk County Sheriff's Office.

14. Lt. Timpano (Nassau County) and Investigator Dunn (Sheriff's Office) both informed me that their agencies are following the law as set forth in the Penal Law exemption.

15. Unlike SCPD, neither agency is going to arrest an unlicensed person who possesses a handgun during the live-fire training, or their trainers because there is a specific exemption in the law.

16. Implicit in the right to bear arms is the right to engage in training, which includes being instructed in the use of firearms. As I have the right to keep and bear arms, I also have the right to train others in the proper use of firearms. I also have the right to expression, which I exercise in the context of providing firearms training.

17. I am informed that plaintiff Zachary Giambalvo is still waiting for his handgun license to be issued by SCPD and that he is going to attend my December 2022 18-hour class, including the live-fire component.

18. I will instruct Mr. Giambalvo at the December 2022 18-hour class on all of the training requirements, including the live-fire component – whether he has received his handgun license or not.

19. I face a credible threat of enforcement of SCPD's unconstitutional policies and felony arrest for facilitation and/or aiding and abetting the possession of a loaded firearm, particularly because I have announced in this case my intention to violate the SCPD policy.

20. Even if the arrest by SCPD is ultimately determined to be unlawful and no prosecution comes from it because there is a statutory exemption for live-fire training, being arrested, fingerprinted, and incarcerated is an actual and irreparable harm.

21. Other than Mr. Giambalvo, I will not register or provide training to any other unlicensed students for the 18-hour class until the SCPD policy is enjoined for fear of my arrest and theirs, which will constitute a continuing violation of my constitutional rights.

22. Both I and RFI have suffered and will continue to suffer constitutional violations and economic loss because of SCPD's policy so long as the threat of enforcement continues.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December  , 2022

                                                __*Frank Melloni*__ 12/07/2022_____
                                                Frank Melloni and on behalf of
                                                Renaissance Firearms Instruction, Inc.