

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**
ATTORNEY GENERAL

**BARBARA D. UNDERWOOD**
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

April 12, 2023

**By ECF**
Honorable Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   *Giambalvo v. New York*, No. 22-cv-4778 (GRB) (ST)

Dear Judge Brown:

I write on behalf of non-party New York State Attorney General Letitia James, who seeks to intervene in this case for the limited purpose of defending the constitutionality of New York's firearm-licensing laws, pursuant to 28 U.S.C. § 2403(b) and Rule 24(a)(1) of the Federal Rules of Civil Procedure.[1] Counsel for plaintiffs and the Suffolk County defendants consent to the Attorney General's intervention.

Despite dismissing their claims against Acting Superintendent Nigrelli, *see* ECF No. 45, plaintiffs continue to challenge the constitutionality of New York's firearm-licensing regulations. The Attorney General has a statutory right to intervene in cases presenting constitutional challenges to state laws where neither the State nor any agency, officer, or employee of the State is a party. *See* 28 U.S.C. § 2403(b); Fed. R. Civ. P. 24(a)(1). Courts in this Circuit have permitted the Attorney General to intervene under similar circumstances. *See, e.g.*, *Raite Rubbish Removal Corp. v. Onondaga County*, 161 F.R.D. 236, 238-40 (N.D.N.Y. 1995); *Velez v. Board of Elections of City of N.Y.*, No. 90-cv-5598, 1990 WL 130767, at *1 (S.D.N.Y. Sept. 5,

---

[1] The Attorney General will also move to intervene in the Second Circuit in plaintiffs' appeal of this Court's order denying plaintiffs' motion for a preliminary injunction. (*See* ECF Nos. 40, 41.)

1990); *United States v. 1,920,000 Cigarettes*, No. 02-cv-437A, 2003 WL 21730528, at *2 (W.D.N.Y. Mar. 31, 2003).

The fact that Acting Superintendent Nigrelli consented to the dismissal of claims against him as a party does not change the applicability of Section 2403(b). As the U.S. Supreme Court recently explained, when a state official is no longer defending a statute on the merits, constitutional considerations concerning the sovereign power of the States and their interest in the continued enforceability of their statutes require federal courts to afford deference to state attorneys general seeking to intervene to defend state law. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1007, 1010-12 (2020). In *Cameron*, the Court thus held that a lower court abused its discretion by failing "to account for the strength of the Kentucky attorney general's interest in taking up the defense" of a state statute. *Id.* at 1012. The same considerations weigh in favor of intervention here, and the Attorney General's "opportunity to defend" New York's regulations in federal court "should not be lightly cut off." *See id.* at 1011.

In addition, the Attorney General's request is timely and would not prejudice the existing parties. The Attorney General moved to intervene "as soon as it became clear," *Id.* at 1012 (quotation marks omitted), that Acting Superintendent Nigrelli would be dismissed from the case and thus would be unable to continue defending the constitutionality of New York's gun regulations. And there is no prejudice to the existing parties because they have consented to the Attorney General's intervention and because intervention at this early stage would not delay the proceeding, which has not proceeded past the pleadings stage in any event. Accordingly, the Court should grant the Attorney General's motion to intervene for the limited purpose of defending the constitutionality of New York's firearm-licensing laws.

                                              Respectfully submitted,

                                              */s/ Ester Murdukhayeva*

                                              Ester Murdukhayeva
                                              Deputy Solicitor General
                                              212-416-6279

cc (via ECF): All counsel of record